# Exhibit A

**CA Form 1**

## Superior Court of the District of Columbia
### CIVIL DIVISION

500 Indiana Avenue, N.W., Room 5000
Washington, D.C.  20001  Telephone:  879-1133

| Kay Patteson and Gary Patteson |
|---|

*Plaintiff*

vs.

| Astrazeneca, LP |
|---|

Civil Action No.  **2010 CA 006768B**

*Defendant*

### SUMMONS

To  the  above  named  Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government  you have  60 days after  service  of this summons to serve  your Answer.  A  copy of the Answer must be mailed  to the attorney  for the party plaintiff who is suing you. The attorney's name and address appear **below.**    If plaintiff has no attorney, a copy of the Answer must be  mailed  to the  plaintiff at  the  address stated  on  this Summons.

You are also required to file the original Answer with the Court in Room 5000 at 500 Indiana Avenue.  N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff  If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Kenneth M. Trombly |
|---|

Name of Plaintiff's Attorney

| 1050 17th St., N.W., Suite 1250 |
|---|

Address

| Washington, D.C. 20036 |
|---|

| 202-887-5000 |
|---|

Telephone

By _____
Deputy Clerk

Date  10  07  2010

PUEDE  OBTENERSE  COPIAS  DE  ESTE FORMULARIO  EN  ESPANOL  EN  EL  TRIBUNAL  SUPERIOR  DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA 5000.

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM 5000.

Form CV(6)-456/Mar. 96

**NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

AND
If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room 5000 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

KAY PATTESON )
530 E. Deone Ln. )
Tucson, AZ 85704 )
)
and )
)
GARY PATTESON )
5003 38th Ave. )
Hyattsville, MD 20782 )
)
)
Plaintiffs, )
v. )
)
ASTRAZENECA, LP, a Delaware Corporation, )
587 Old Baltimore Pike )
Newark, DE 19702 )
) 2010 CA 006768B
Serve: ) Judge Holeman
CT Corporation Systems )
1015 15th Street, N.W. )
Suite 1000 )
Washington D.C. 20005, )
)
ASTRAZENECA PHARMACEUTICALS, LP, a )
Delaware Corporation, )
587 Old Baltimore Pike )
Newark, DE 19702 )
)
Serve: )
CT Corporation Systems )
1015 15th Street, N.W. )
Suite 1000 )
Washington D.C. 20005, )
)
ASTRAZENECA AB, a Swedish Corporation )
Vastra Malarehamnen 9 )
Sodertalje )
SE-151 85 )
)
Serve: )
CT Corporation Systems )
1015 15th Street, N.W. )



Suite 1000 )
Washington D.C. 20005, )
 )
and, )
 )
JOHN MALONEY, M.D, )
2141 K Street, N.W. )
Suite 304 )
Washington, D.C. 20037 )
 )
 )
Defendants )

## AMENDED COMPLAINT

(Products Liability; Fraud, Racketeering; Medical Negligence; Loss of Consortium)

### Introduction

1. This Honorable Court has jurisdiction of this case by virtue of District of Columbia Code 11-921 (1981 ed.)

2. Plaintiffs Kay and Gary Patteson [hereafter "plaintiff Ms. Patteson" and "plaintiff Mr. Patteson"] were, at all times referenced in this pleading, lawful husband and wife and adult residents of the State of Maryland. Plaintiff Ms. Patteson is now a resident of Arizona.

3. Plaintiffs have complied with the District of Columbia Code's notice requirements as a prerequisite to filing a lawsuit alleging medical malpractice.

4. Defendant John Maloney, M.D. is a licensed medical practitioner who at all times relevant to this complaint, has had an office and provided medical care, including psychiatric care, to patients, including plaintiff Ms. Patteson, in the District of Columbia.

5.   At all times relevant to the complaint, defendant ASTRAZENECA, LP is and has been a pharmaceutical corporation organized and existing under the laws of the state of Delaware and doing business in and having substantial and continuous ties to the District of Columbia.   At all times relevant to the complaint, defendant ASTRAZENECA PHARMACEUTICALS, LP is and has been a pharmaceutical corporation organized and existing under the laws of the state of Delaware and doing business in and having substantial and continuous ties to the District of Columbia. At all times relevant to the complaint, defendant ASTRAZENECA AB is and has been a pharmaceutical corporation organized and existing under the laws of Sweden and doing business in and having substantial and continuous ties to the District of Columbia.   The aforementioned defendants will be hereinafter collectively referred to as "defendants ASTRAZENECA."

6.   Upon information and belief, prior to June, 2007, defendants ASTRAZENECA developed, manufactured, inspected, marketed, distributed, sold and warranted to the general public throughout the United States and the District of Columbia, and placed into the stream of commerce, an anti-psychotic medication known as Seroquel [also referred to as "the product"].

7.   Prior to June, 2007, defendants ASTRAZENECA, improperly and in violation of federal law, rules and/or regulations, promoted the use of Seroquel, an anti-psychotic medication, for "off label" purposes, including but not limited to use as a sleep aid.

8.   One of defendants ASTRAZENECA's purposes in improperly marketing and promoting Seroquel as a sleep aid was to increase corporate profits from the sales of

Seroquel.

9.      Defendants ASTRAZENECA in fact reaped tremendous corporate profits as the

        direct result of improperly and illegally marketing Seroquel as a sleep aid.

10.     Defendants ASTRAZENECA's improper and illegal marketing and promotion of

        Seroquel contributed to defendant Maloney's decision to prescribe Seroquel to

        plaintiff, Ms. Patteson.

11.     On or about April 27, 2010, defendants ASTRAZENECA entered into a Settlement

        Agreement with the United States Government, agreeing to pay the United States

        over $300,000,000 and participating States over $200,000,000; In that Settlement

        Agreement, the United States Government alleged the following misconduct by

        defendants ASTRAZENECA:

        i.   AstraZeneca promoted the sale and use of Seroquel to psychiatrists,
             other physicians (including primary care physicians) and other
             health care professionals in pediatric and primary care physician
             offices, in long-term care facilities and hospitals and in prisons for
             certain uses that were not approved by the Food and Drug
             Administration as safe and effective for those uses (including
             aggression, Alzheimer's disease, anger management, anxiety,
             attention deficit hyperactivity disorder, bipolar maintenance,
             dementia, depression, mood disorder, post-traumatic stress disorder,
             and sleeplessness) ("unapproved uses") .  AstraZeneca also
             promoted the unapproved uses by engaging in the following
             conduct:  AstraZeneca improperly and unduly influenced the
             content of and speakers in company-sponsored Continuing Medical
             Education programs; engaged doctors to give promotional speaker
             programs it controlled on un approved uses for Seroquel; engaged
             doctors to conduct studies on unapproved uses of Seroquel;
             recruited doctors to serve as authors of articles largely prepared by
             medical literature companies about studies they did not conduct on
             unapproved uses of Seroquel; and, used those studies and articles as
             the basis for promotional messages about unapproved uses of
             Seroquel. These unapproved uses were not medically accepted
             indications for which the United States and the state Medicaid
             programs provided coverage for Seroquel.

ii.   AstraZeneca offered and paid illegal remuneration to doctors: (a) it
recruited to conduct studies for unapproved uses, (b) it recruited to
serve as authors of articles written by AstraZeneca and its agents
about these unapproved uses of Seroquel, (c) to travel to resort
locations to "advise" AstraZeneca about marketing messages for
unapproved uses of Seroquel, and (d) it recruited to give
promotional lectures to other health care professionals about
unapproved and unaccepted uses of Seroquel.  The United States
contends that these payments were intended to induce the doctors to
promote and/or prescribe Seroquel for unapproved uses in violation
of the Federal Anti-Kickback Statute, 42 U.S.C. §1320-7b(b).

Plaintiffs incorporate these allegations and affirmatively allege, as the United States Government did,

that ASTRAZENECA engaged in said activities.

## COUNT I
(Strict Products Liability; Failure to Warn: Defendants ASTRAZENECA)

12.   Plaintiffs reallege and hereby incorporate, by reference, all of the preceding
paragraphs and further allege as follows.

13.   The defendants ASTRAZENECA controlled or otherwise participated in the
development, manufacturing, testing, labeling, distributing, marketing, advertising,
selling, warranting and/or placing into the stream of commerce the medication
Seroquel, which was distributed in all states across the United States, including the
District of Columbia.

14.   From approximately June, 2006 through August, 2007, plaintiff Ms. Patteson took
the medication Seroquel as a sleep aid.

15.     Defendants ASTRAZENECA, their employees and agents had a duty to reasonably develop, manufacture, label, distribute, market, advertise, sell and/or warrant a product, and in particular Seroquel, in a reasonably safe manner as to those members of the public who purchased, or were otherwise intended and/or foreseeable users of the product, and to those medical practitioners who may or might have prescribed Seroquel to patients; defendants ASTRAZENECA had a further duty to protect such persons from harm by providing adequate warnings about potential hazards associated with the use of Seroquel, which latter duty to warn existed both at the time of sale and at all times leading up to the June 2006 prescription to Ms. Patteson which forms the basis of this Complaint.

16.     Defendants ASTRAZENECA breached said duties by failing to reasonably, prudently and safely market and promote Seroquel to the public, including but not limited to physicians and plaintiff Ms. Patteson.

17.     Defendants ASTRAZENECA further breached said duty by failing to advise, instruct and/or warn consumers and foreseeable users of the risks and dangers inherent in the use of Seroquel, or to include in the packaging or labeling any information, warning(s) or instructions regarding said limitations and/or the fact that they posed an unreasonably dangerous risk to consumers.

18.     Plaintiff Ms. Patteson used Seroquel in the intended manner or in a manner otherwise foreseeable to the defendants, and at all times the product reached plaintiff and remained in the intended and in the substantially same condition as it was at the time of design, manufacture, marketing, sale and distribution by the defendants ASTRAZENECA.

19.     The breach of said duties as set forth above, and in particular the failure to reasonably and safely market and promote Seroquel, and the failure to advise and warn of risks and dangers associated with same, caused said medication to be in an unreasonably dangerous condition to the plaintiff and other foreseeable users, and created an unreasonable risk of injury and/or death.

20.     In or around March, 2008, Plaintiff Ms. Patteson's treating physicians concluded that the medication Seroquel, as discussed in more detail below, was the cause of a severe neurologic condition known as Tardive Dyskinesia; that in light of said diagnosis, all claims asserted in this action accrued no earlier than March, 2008.

21.     As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on

the part of the Defendants.

## COUNT II

(Negligence , Failure to Warn: Defendants ASTAZENECA)

22.    Plaintiffs reallege and hereby incorporate, by reference, all of the preceding paragraphs and further allege as follows:

23.    Defendants ASTRAZENECA owed a duty of reasonable care to the Plaintiff and foreseeable users of the product at issue with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising, sale and warranty of the product.

24.    Defendants ASTRAZENECA further owed to the Plaintiff and other foreseeable users of the product a duty to warn and/or adequately advise them of any deficiencies associated with the product, and said duty existed both at the time of sale and at all times leading up to the use of the product which forms the basis of this Complaint

25.    Defendants ASTRAZENECA knew or should have known that the aforementioned defect(s) created an unreasonable risk of serious harm to the purchaser and users of the product, and should have warned of such.

26.    Defendants ASTRAZENECA breached said duties in that the product was unreasonably dangerous and defective in design and/or manufacture at the time it left the Defendants' control, and the Defendants failed to warn of such or fix such matter.

27.    As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or

representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder, that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT III

(Breach of Implied Warranty of Merchantability; Defendants ASTRAZENECA)

28.    Plaintiffs reallege and incorporate, by reference, all of the preceding paragraphs and further allege as follows:

29.    Defendants ASTRAZENECA had a duty pursuant to an implied warranty of merchantability under District of Columbia Code § 28:2-314, and other similar provisions, whereby defendant impliedly warranted to the public that its product, was fit for the intended purpose or use for which the product was intended and made available for sale, namely as a sleep aid.

30.    Defendants ASTRAZENECA breached said implied warranty(ies) and the aforesaid

code sections by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s). The defendant also failed to warn of such defects and/or problems.

31. The plaintiff is in the class of persons who are/were reasonably expected to use, consume, or be affected by the product at issue.

32. As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendant.

COUNT IV
(Breach of Express Warranty; Defendants ASTRAZENECA)

33. Plaintiffs reallege and incorporate, by reference, all of the preceding paragraphs and further state as follows:

34. Defendants ASTRAZENECA and their agents, including retailers, under Section 28:2-313 and 28:2-315, of the Code of the District of Columbia, expressly warranted via their marketing, advertisements, warranties, sales literature, owners manuals, and other representations that their product(s) was fit for the purpose for which it was intended, namely as a sleep aid; and reasonably knew that purchasers of the product would use it for that purpose.

35. Defendants ASTRAZENECA breached said express warranties and the aforesaid code section by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s), as described in detail above.

36. As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of Defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will

continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT V

(Fraud, Racketeering; Defendants ASTRAZENECA)

37.   Plaintiffs reallege and hereby incorporate, by reference, all of the preceding paragraphs and further allege as follows.

38.   Defendants ASTRAZENECA, for the primary purpose of generating corporate profits, engaged in a deliberate and widespread scheme to falsely portray the safety and effectiveness of Seroquel, and to then market Seroquel based on the falsely portrayed safety and effectiveness, and to convince medical professionals to prescribe Seroquel for unapproved uses, including sleeplessness (the purpose for which Seroquel was prescribed to plaintiff Mrs. Patteson).

39.   As alleged in the April, 2010 Settlement Agreement with the United States Government, defendants ASTRAZENECA (1) promoted the sale and use of Seroquel for uses not approved by the U.S. Food and Drug Administration, including the unapproved use of the product as a sleep aid; (2) improperly and unduly influenced the content of and speakers in company sponsored Continuing Medical Education Programs; (3) engaged doctors to give promotional speaker programs it controlled on unapproved uses for Seroquel; (4) engaged doctors to

12

conduct studies on unapproved uses of Seroquel; (5) recruited doctors to serve as authors of articles largely prepared by medical literature companies about studies they did not conduct on unapproved uses of Seroquel; (5) used those studies and articles as the basis for promotional messages about unapproved uses of Seroquel; (6) offered and paid illegal remuneration to doctors (a) it recruited to conduct studies for unapproved uses; (b) it recruited to serve as authors of articles written by AstraZeneca and its agents about unapproved uses of Seroquel; (c) it recruited to travel to resort locations to "advise" AstraZeneca about marketing messages for unapproved uses of Seroquel, and (d) it recruited to give promotional lectures to other health care professionals about unapproved and unaccepted uses of Seroquel, including sleeplessness; (6) it made payments intended to induce doctors to promote and/or prescribe Seroquel for unapproved uses, in violation of the Federal Anti-Kickback Statute, 42 U.S.C. § 1320-7b(b).

40.     As a direct and proximate result of the aforesaid scheme, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Seroquel was prescribed to plaintiff Ms. Patteson, who now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has

13

incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT VI
### (Punitive Damages – Defendants ASTRAZENECA)

41.     Plaintiffs Ms. and Mr. Patteson refer to and incorporate by reference all of the allegations contained in the preceding paragraphs of this pleading and further allege as follows.

42.     The conduct of defendants ASTRAZENECA, set forth above, constitutes outrageous and egregious wrongdoing in which ASTRAZENECA acted with evil motive, actual malice, or in willful disregard of the rights and safety of plaintiffs and other foreseeable users of the product, such that an award of punitive damages is appropriate.

## COUNT VII
### (Medical Negligence; MALONEY)

43.     Plaintiffs refer to and incorporate by reference the allegations contained in the

14

preceding paragraphs of this pleading and further allege as follows.

44.     In or around June, 2006, defendant MALONEY assumed care and treatment of
Plaintiff Ms. Patteson, for the condition of sleeping difficulty.

45.     In or around June, 2006, defendant MALONEY prescribed the anti-psychotic
medication Seroquel to plaintiff Ms. Patteson, for the non-FDA approved use of
treating sleeplessness. Said care and treatment continued until approximately
February, 2008.

46.     The prescription and recommendation of the medication Seroquel by defendant
Maloney was negligent and fell below the standard of care applicable to Dr.
Maloney's care of plaintiff.

47.     A reasonably prudent provider of psychiatric medical care would and should have
known that "Tardive dyskinesia", a severely debilitating neurologic condition, is a
known potential side effect of anti psychotic medications, including Seroquel.

48.     As a result of the above referenced defendant's negligence, carelessness and
violation of duty, plaintiff Ms. Patteson developed and now suffers from Tardive
dyskinesia, a severely debilitating neurologic disorder that was caused by taking
Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme
impairment of physical function and ability, despair, frustration, humiliation, and
grief. She has incurred (and will incur in the future) expenses for her medical care
and treatment, suffered (and will suffer in the future) lost earnings and earning
capacity, suffered (and will suffer in the future) pain and mental anguish and

15

emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendant.

## COUNT VIII
(Medical Negligence - Informed Consent; MALONEY)

49.     Plaintiffs refer to and incorporate by reference the allegations contained in the preceding paragraphs of this pleading and further allege as follows.

50.     Prior to prescribing Seroquel to plaintiff Ms. Patteson, defendant MALONEY failed to disclose to Ms. Patteson the material risks, including that of developing Tardive dyskinesia; said risk later having materialized, injuring plaintiff Ms. Patteson.

51.     Had plaintiff Ms. Patteson been informed of the undisclosed material risk set forth above, she would not have consented to taking Seroquel as a sleep aid.

52.     As a result of the above referenced defendant's negligence, carelessness and violation of duty, plaintiff Ms. Patteson now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered

16

(and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the defendant.

## COUNT IX

### (Loss of Consortium; ALL DEFENDANTS)

53.     Plaintiff Mr. Patteson refers to and incorporates by reference all of the allegations contained in the preceding paragraphs of this pleading, as to all defendants.

54.     As a result of the above referenced defendants' negligence, carelessness, outrageous and egregious wrongdoing, plaintiff Mr. Patteson suffered (and will suffer in the future) the loss of the society, companionship and services of his wife, plaintiff Ms. Patteson.

WHEREFORE, on Count I, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count II, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest

17

and costs.

WHEREFORE, on Count III, plaintiffs Ms. Patteson and Mr. Patteson demand judgment against all defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs, as well as an award of Punitive Damages.

WHEREFORE, on Count IV, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count V, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VI, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VII, plaintiff Ms. Patteson demands judgment against defendant, MALONEY, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VIII, plaintiff Ms. Patteson demands judgment against defendant, MALONEY, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count IX, plaintiff Mr. Patteson demands judgment against all defendants, jointly and severally, in an amount in excess of $25,000, (Twenty Five Thousand

18

Dollars), plus interest and costs.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, NW
Suite 1250
Washington, DC 20036
kmt@schultztrombly.com
(202) 887-5000

John P. Leader
The Leader Law Firm, PC
3567 East Sunrise Drive
Suite 133
Tucson, AZ 85718
(520) 575-9040

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all issues.

Kenneth M. Trombly, #199547

19

## CERTIFICATE OF SERVICE

The forgoing Amended Complaint was filed electronically and sent to the following on this 6th day of October 2010:

Astrazeneca LP
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington DC 20005

Astrazeneca Pharmaceuticals LP
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington DC 20005

Astrazeneca AB
CT Corporation System
1015 15th Street, NW
Suite 1000
Washington DC 20005

JOHN MALONEY, M.D,
2141 K Street, N.W.
Suite 304
Washington, D.C. 20037

Kenneth M. Trombly

**CA Form 1**

## Superior Court of the District of Columbia
### CIVIL DIVISION

500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001   Telephone: 879-1133

Kay Patteson 530 E. Deone Ln., Tucson, AZ 85704 and
Gary Patteson 5003 38th Ave., Hyattsville, MD 20782

*Plaintiff*

vs.

Civil Action No **0006768-10**

AstraZeneca, LP. Serve: CT Corp. Systems: 1050 15th
St., N.W. Ste. 1000, Washington, D.C. 20005

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room 5000 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Kenneth M. Trombly

Name of Plaintiff's Attorney

Kenneth M. Trombly

**Address**

1050 17th St., NW, Ste 1250

Washington, D.C. 20036 202-887-5000

Telephone



By _____
Deputy Clerk

Date 9/8/2010

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA 5000.

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM 5000.

Form CV(0)-456/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

AND If **you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact** one of the offices of the Legal Aid Society (628-l 161) or the **Neighborhood Legal Services (682-2700) for help** or come to Room 5000 at 500 Indiana Avenue, N.W., for **more information concerning where you may** ask for such help.



**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KAY PATTESON                                      )
530 E. Deone Ln.                                  )
Tucson, AZ 85704                                  )
                                                  )
            and                                   )        **0006768-10**
                                                  )
GARY PATTESON                                     )
5003 38th Ave.                                    )
Hyattsville, MD 20782                             )
                                                  )
                                                  )
            Plaintiffs,                           )
      v.                                          )
                                                  )
ASTRAZENECA, LP, a Delaware Corporation,          )
587 Old Baltimore Pike                            )
Newark, DE 19702                                  )
                                                  )
Serve:                                            )
CT Corporation Systems                            )
1015 15th Street, N.W.                            )
   Suite 1000                                     )
Washington D.C. 20005,                            )
                                                  )
ASTRAZENECA PHARMACEUTICALS, LP, a                )
Delaware Corporation,                             )
587 Old Baltimore Pike                            )
Newark, DE 19702                                  )
                                                  )
Serve:                                            )
CT Corporation Systems                            )
1015 15th Street, N.W.                            )
Suite 1000                                        )
Washington D.C. 20005,                            )
                                                  )
ASTRAZENECA AB, a Swedish Corporation             )
Vastra Malarehamnen 9                             )
Sodertalje                                        )
SE-151 85                                         )
                                                  )
Serve:                                            )
CT Corporation Systems                            )
1015 15th Street, N.W.                            )



FILED
CIVIL ACTIONS BRANCH
SEP 08 2010
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC



Suite 1000                                              )
Washington D.C. 20005,                                  )
                                                        )
          and,                                          )
                                                        )
JOHN MALONEY, M.D,                                      )
2141 K Street, N.W.                                     )
Suite 304                                               )
Washington, D.C. 20037                                  )
                                                        )
                                                        )
          Defendants                                    )
                                                        )

## COMPLAINT

(Products Liability; Fraud, Racketeering; Medical Negligence; Loss of Consortium)

### Introduction

1.     This Honorable Court has jurisdiction of this case by virtue of District of Columbia
       Code 11-921 (1981 ed.)

2.     Plaintiffs Kay and Gary Patteson [hereafter "plaintiff Ms. Patteson" and "plaintiff
       Mr. Patteson"] were, at all times referenced in this pleading, lawful husband and
       wife and adult residents of the State of Maryland. Plaintiff Ms. Patteson is now a
       resident of Arizona.

3.     Plaintiffs have complied with the District of Columbia Code's notice requirements
       as a prerequisite to filing a lawsuit alleging medical malpractice.

4.     Defendant John Maloney, M.D. is a licensed medical practitioner who at all times
       relevant to this complaint, has had an office and provided medical care, including
       psychiatric care, to patients, including plaintiff Ms. Patteson, in the District of
       Columbia.

5.    At all times relevant to the complaint, defendant ASTRAZENECA, LP is and has been a pharmaceutical corporation organized and existing under the laws of the state of Delaware and doing business in and having substantial and continuous ties to the District of Columbia.   At all times relevant to the complaint, defendant ASTRAZENECA PHARMACEUTICALS, LP is and has been a pharmaceutical corporation organized and existing under the laws of the state of Delaware and doing business in and having substantial and continuous ties to the District of Columbia. At all times relevant to the complaint, defendant ASTRAZENECA AB is and has been a pharmaceutical corporation organized and existing under the laws of Sweden and doing business in and having substantial and continuous ties to the District of Columbia.   The aforementioned defendants will be hereinafter collectively referred to as "defendants ASTRAZENECA."

6.    Upon information and belief, prior to June, 2007, defendants ASTRAZENECA developed, manufactured, inspected, marketed, distributed, sold and warranted to the general public throughout the United States and the District of Columbia, and placed into the stream of commerce, an anti-psychotic medication known as Seroquel [also referred to as "the product"].

7.    Prior to June, 2007, defendants ASTRAZENECA, improperly and in violation of federal law, rules and/or regulations, promoted the use of Seroquel, an anti-psychotic medication, for "off label" purposes, including but not limited to use as a sleep aid.

8.    One of defendants ASTRAZENECA's purposes in improperly marketing and promoting Seroquel as a sleep aid was to increase corporate profits from the sales of

Seroquel.

9.      Defendants ASTRAZENECA in fact reaped tremendous corporate profits as the

direct result of improperly and illegally marketing Seroquel as a sleep aid.

10.     Defendants ASTRAZENECA's improper and illegal marketing and promotion of

Seroquel contributed to defendant Maloney's decision to prescribe Seroquel to

plaintiff, Ms. Patteson.

11.     On or about April 27, 2010, defendants ASTRAZENECA entered into a Settlement

Agreement with the United States Government, agreeing to pay the United States

over $300,000,000 and participating States over $200,000,000; In that Settlement

Agreement, the United States Government alleged the following misconduct by

defendants ASTRAZENECA:

> i.  AstraZeneca promoted the sale and use of Seroquel to psychiatrists,
> other physicians (including primary care physicians) and other
> health care professionals in pediatric and primary care physician
> offices, in long-term care facilities and hospitals and in prisons for
> certain uses that were not approved by the Food and Drug
> Administration as safe and effective for those uses (including
> aggression, Alzheimer's disease, anger management, anxiety,
> attention deficit hyperactivity disorder, bipolar maintenance,
> dementia, depression, mood disorder, post-traumatic stress disorder,
> and sleeplessness) ("unapproved uses") . AstraZeneca also
> promoted the unapproved uses by engaging in the following
> conduct: AstraZeneca improperly and unduly influenced the
> content of and speakers in company-sponsored Continuing Medical
> Education programs; engaged doctors to give promotional speaker
> programs it controlled on un approved uses for Seroquel; engaged
> doctors to conduct studies on unapproved uses of Seroquel;
> recruited doctors to serve as authors of articles largely prepared by
> medical literature companies about studies they did not conduct on
> unapproved uses of Seroquel; and, used those studies and articles as
> the basis for promotional messages about unapproved uses of
> Seroquel. These unapproved uses were not medically accepted
> indications for which the United States and the state Medicaid
> programs provided coverage for Seroquel.

ii. AstraZeneca offered and paid illegal remuneration to doctors: (a) it recruited to conduct studies for unapproved uses, (b) it recruited to serve as authors of articles written by AstraZeneca and its agents about these unapproved uses of Seroquel, (c) to travel to resort locations to "advise" AstraZeneca about marketing messages for unapproved uses of Seroquel, and (d) it recruited to give promotional lectures to other health care professionals about unapproved and unaccepted uses of Seroquel. The United States contends that these payments were intended to induce the doctors to promote and/or prescribe Seroquel for unapproved uses in violation of the Federal Anti-Kickback Statute, 42 U.S.C. §1320-7b(b).

Plaintiffs incorporate these allegations and affirmatively allege, as the United States Government did, that ASTRAZENECA engaged in said activities.

## COUNT I
(Strict Products Liability; Failure to Warn: Defendants ASTRAZENECA)

12. Plaintiffs reallege and hereby incorporate, by reference, all of the preceding paragraphs and further allege as follows.

13. The defendants ASTRAZENECA controlled or otherwise participated in the development, manufacturing, testing, labeling, distributing, marketing, advertising, selling, warranting and/or placing into the stream of commerce the medication Seroquel, which was distributed in all states across the United States, including the District of Columbia.

14. From approximately June, 2006 through August, 2007, plaintiff Ms. Patteson took the medication Seroquel as a sleep aid.

15.    Defendants ASTRAZENECA, their employees and agents had a duty to reasonably develop, manufacture, label, distribute, market, advertise, sell and/or warrant a product, and in particular Seroquel, in a reasonably safe manner as to those members of the public who purchased, or were otherwise intended and/or foreseeable users of the product, and to those medical practitioners who may or might have prescribed Seroquel to patients; defendants ASTRAZENECA had a further duty to protect such persons from harm by providing adequate warnings about potential hazards associated with the use of Seroquel, which latter duty to warn existed both at the time of sale and at all times leading up to the June 2006 prescription to Ms. Patteson which forms the basis of this Complaint.

16.    Defendants ASTRAZENECA breached said duties by failing to reasonably, prudently and safely market and promote Seroquel to the public, including but not limited to physicians and plaintiff Ms. Patteson.

17.    Defendants ASTRAZENECA further breached said duty by failing to advise, instruct and/or warn consumers and foreseeable users of the risks and dangers inherent in the use of Seroquel, or to include in the packaging or labeling any information, warning(s) or instructions regarding said limitations and/or the fact that they posed an unreasonably dangerous risk to consumers.

18.    Plaintiff Ms. Patteson used Seroquel in the intended manner or in a manner otherwise foreseeable to the defendants, and at all times the product reached plaintiff and remained in the intended and in the substantially same condition as it was at the time of design, manufacture, marketing, sale and distribution by the defendants ASTRAZENECA.

19.     The breach of said duties as set forth above, and in particular the failure to reasonably and safely market and promote Seroquel, and the failure to advise and warn of risks and dangers associated with same, caused said medication to be in an unreasonably dangerous condition to the plaintiff and other foreseeable users, and created an unreasonable risk of injury and/or death.

20.     As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT II

(Negligence , Failure to Warn: Defendants ASTAZENECA)

21.   Plaintiffs reallege and hereby incorporate, by reference, all of the preceding paragraphs and further allege as follows:

22.   Defendants ASTRAZENECA owed a duty of reasonable care to the Plaintiff and foreseeable users of the product at issue with regard to the design, manufacture, assembly, testing, labeling, distribution, marketing, advertising, sale and warranty of the product.

23.   Defendants ASTRAZENECA further owed to the Plaintiff and other foreseeable users of the product a duty to warn and/or adequately advise them of any deficiencies associated with the product, and said duty existed both at the time of sale and at all times leading up to the use of the product which forms the basis of this Complaint

24.   Defendants ASTRAZENECA knew or should have known that the aforementioned defect(s) created an unreasonable risk of serious harm to the purchaser and users of the product, and should have warned of such.

25.   Defendants ASTRAZENECA breached said duties in that the product was unreasonably dangerous and defective in design and/or manufacture at the time it left the Defendants' control, and the Defendants failed to warn of such or fix such matter.

26.   As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder, that was caused by taking Seroquel. Ms. Patteson, who is now

profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT III

(Breach of Implied Warranty of Merchantability; Defendants ASTRAZENECA)

27. Plaintiffs reallege and incorporate, by reference, all of the preceding paragraphs and further allege as follows:

28. Defendants ASTRAZENECA had a duty pursuant to an implied warranty of merchantability under District of Columbia Code § 28:2-314, and other similar provisions, whereby defendant impliedly warranted to the public that its product, was fit for the intended purpose or use for which the product was intended and made available for sale, namely as a sleep aid.

29. Defendants ASTRAZENECA breached said implied warranty(ies) and the aforesaid code sections by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s). The defendant also failed to warn of such defects and/or problems.

30.    The plaintiff is in the class of persons who are/were reasonably expected to use, consume, or be affected by the product at issue.

31.    As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendant.

## COUNT IV
(Breach of Express Warranty; Defendants ASTRAZENECA)

32.    Plaintiffs reallege and incorporate, by reference, all of the preceding paragraphs and further state as follows:

33. Defendants ASTRAZENECA and their agents, including retailers, under Section 28:2-313 and 28:2-315, of the Code of the District of Columbia, expressly warranted via their marketing, advertisements, warranties, sales literature, owners manuals, and other representations that their product(s) was fit for the purpose for which it was intended, namely as a sleep aid; and reasonably knew that purchasers of the product would use it for that purpose.

34. Defendants ASTRAZENECA breached said express warranties and the aforesaid code section by failing to provide a product free from design and/or manufacturing defects, rendering it unsafe for its intended use(s), as described in detail above.

35. As a direct and proximate result of the aforesaid defects, and the related acts and/or omissions of Defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will

11

continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT V

(Fraud, Racketeering; Defendants ASTRAZENECA)

36. Plaintiffs reallege and hereby incorporate, by reference, all of the preceding paragraphs and further allege as follows.

37. Defendants ASTRAZENECA, for the primary purpose of generating corporate profits, engaged in a deliberate and widespread scheme to falsely portray the safety and effectiveness of Seroquel, and to then market Seroquel based on the falsely portrayed safety and effectiveness, and to convince medical professionals to prescribe Seroquel for unapproved uses, including sleeplessness (the purpose for which Seroquel was prescribed to plaintiff Mrs. Patteson).

38. As alleged in the April, 2010 Settlement Agreement with the United States Government, defendants ASTRAZENECA (1) promoted the sale and use of Seroquel for uses not approved by the U.S. Food and Drug Administration, including the unapproved use of the product as a sleep aid; (2) improperly and unduly influenced the content of and speakers in company sponsored Continuing Medical Education Programs; (3) engaged doctors to give promotional speaker programs it controlled on unapproved uses for Seroquel; (4) engaged doctors to

12

conduct studies on unapproved uses of Seroquel; (5) recruited doctors to serve as authors of articles largely prepared by medical literature companies about studies they did not conduct on unapproved uses of Seroquel; (5) used those studies and articles as the basis for promotional messages about unapproved uses of Seroquel; (6) offered and paid illegal remuneration to doctors (a) it recruited to conduct studies for unapproved uses; (b) it recruited to serve as authors of articles written by AstraZeneca and its agents about unapproved uses of Seroquel; (c) it recruited to travel to resort locations to "advise" AstraZeneca about marketing messages for unapproved uses of Seroquel, and (d) it recruited to give promotional lectures to other health care professionals about unapproved and unaccepted uses of Seroquel, including sleeplessness; (6) it made payments intended to induce doctors to promote and/or prescribe Seroquel for unapproved uses, in violation of the Federal Anti-Kickback Statute, 42 U.S.C. § 1320-7b(b).

39.     As a direct and proximate result of the aforesaid scheme, and the related acts and/or omissions of defendants ASTRAZENECA, and their employees, agents and/or representatives acting in the course and scope of their employment, Seroquel was prescribed to plaintiff Ms. Patteson, who now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has

13

incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendants.

## COUNT VI
### (Punitive Damages – Defendants ASTRAZENECA)

40. Plaintiffs Ms. and Mr. Patteson refer to and incorporate by reference all of the allegations contained in the preceding paragraphs of this pleading and further allege as follows.

41. The conduct of defendants ASTRAZENECA, set forth above, constitutes outrageous and egregious wrongdoing in which ASTRAZENECA acted with evil motive, actual malice, or in willful disregard of the rights and safety of plaintiffs and other foreseeable users of the product, such that an award of punitive damages is appropriate.

## COUNT VII
### (Medical Negligence; MALONEY)

42. Plaintiffs refer to and incorporate by reference the allegations contained in the

14

preceding paragraphs of this pleading and further allege as follows.

43.     In or around June, 2006, defendant MALONEY assumed care and treatment of Plaintiff Ms. Patteson, for the condition of sleeping difficulty.

44.     In or around June, 2006, defendant MALONEY prescribed the anti-psychotic medication Seroquel to plaintiff Ms. Patteson, for the non-FDA approved use of treating sleeplessness. Said care and treatment continued until approximately February, 2008.

45.     The prescription and recommendation of the medication Seroquel by defendant Maloney was negligent and fell below the standard of care applicable to Dr. Maloney's care of plaintiff.

46.     A reasonably prudent provider of psychiatric medical care would and should have known that "Tardive dyskinesia", a severely debilitating neurologic condition, is a known potential side effect of anti psychotic medications, including Seroquel.

47.     As a result of the above referenced defendant's negligence, carelessness and violation of duty, plaintiff Ms. Patteson developed and now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered (and will suffer in the future) pain and mental anguish and

15

emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the Defendant.

## COUNT VIII
(Medical Negligence - Informed Consent; MALONEY)

48. Plaintiffs refer to and incorporate by reference the allegations contained in the preceding paragraphs of this pleading and further allege as follows.

49. Prior to prescribing Seroquel to plaintiff Ms. Patteson, defendant MALONEY failed to disclose to Ms. Patteson the material risks, including that of developing Tardive dyskinesia; said risk later having materialized, injuring plaintiff Ms. Patteson.

50. Had plaintiff Ms. Patteson been informed of the undisclosed material risk set forth above, she would not have consented to taking Seroquel as a sleep aid.

51. As a result of the above referenced defendant's negligence, carelessness and violation of duty, plaintiff Ms. Patteson now suffers from Tardive dyskinesia, a severely debilitating neurologic disorder that was caused by taking Seroquel. Ms. Patteson, who is now profoundly disabled, has experienced extreme impairment of physical function and ability, despair, frustration, humiliation, and grief. She has incurred (and will incur in the future) expenses for her medical care and treatment, suffered (and will suffer in the future) lost earnings and earning capacity, suffered

16

(and will suffer in the future) pain and mental anguish and emotional distress, discomfort, loss of mobility and function, humiliation and embarrassment, was (and will be in the future) deprived of the ability to fully enjoy the pleasures of life, and has suffered and will continue to suffer in the future miscellaneous items of expense and damages, all as a direct and proximate result of the negligence, carelessness and violation of duty on the part of the defendant.

## COUNT IX

### (Loss of Consortium; ALL DEFENDANTS)

52. Plaintiff Mr. Patteson refers to and incorporates by reference all of the allegations contained in the preceding paragraphs of this pleading, as to all defendants.

53. As a result of the above referenced defendants' negligence, carelessness, outrageous and egregious wrongdoing, plaintiff Mr. Patteson suffered (and will suffer in the future) the loss of the society, companionship and services of his wife, plaintiff Ms. Patteson.


WHEREFORE, on Count I, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count II, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest

17

and costs.

WHEREFORE, on Count III, plaintiffs Ms. Patteson and Mr. Patteson demand judgment against all defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs, as well as an award of Punitive Damages.

WHEREFORE, on Count IV, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count V, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA , in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VI, plaintiff Ms. Patteson demands judgment against defendants ASTRAZENECA, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VII, plaintiff Ms. Patteson demands judgment against defendant, MALONEY, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count VIII, plaintiff Ms. Patteson demands judgment against defendant, MALONEY, in an amount in excess of $25,000, (Twenty Five Thousand Dollars), plus interest and costs.

WHEREFORE, on Count IX, plaintiff Mr. Patteson demands judgment against all defendants, jointly and severally, in an amount in excess of $25,000, (Twenty Five Thousand

18

Dollars), plus interest and costs.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, NW
Suite 1250
Washington, DC 20036
kmt@schultztrombly.com
(202) 887-5000

John P. Leader
The Leader Law Firm, PC
3567 East Sunrise Drive
Suite 133
Tucson, AZ 85718
(520) 575-9040

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all issues.

Kenneth M. Trombly, #199547

19

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Kay Patteson and Gary Patteson

Case Number: **0006768-10**

Date: _____

vs

AstraZeneca, LP, et al.

☐ One of the defendants is being sued
in their official capacity.

Name: *(please print)* Kenneth M. Trombly

Firm Name: Schultz & Trombly, PLLC

Telephone No.: 202-887-5000

Six digit Unified Bar No.: 199547

Relationship to Lawsuit
☒ Attorney for Plaintiff
☐ Self (Pro Se)
Other: _____

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 175,000.00                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____       Calendar #: _____

Case No.: _____  Judge: _____       Calendar #: _____

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**
☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**
☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**
☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including wrongful death)
☐ 16 Negligence-(Not Automobile,
Not Malpractice)

☐ 17 Personal Injury – (Not Automobile,
Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 09

## INFORMATION SHEET, Continued

| C. OTHERS<br>I.<br>  ☐ 01 Accounting<br>  ☐ 02 Att. Before Judgment<br>  ☐ 04 Condemnation (Emin. Domain)<br>  ☐ 05 Ejectment<br>  ☐ 07 Insurance/Subrogation<br>     Under \$25,000 Pltf.<br>     Grants Consent<br>  ☐ 08 Quiet Title<br>  ☐ 09 Special Writ/Warrants<br>     DC Code § 11-941 | ☐ 10 T.R.O./Injunction<br>☐ 11 Writ of Replevin<br>☐ 12 Enforce Mechanics Lien<br>☐ 16 Declaratory Judgment<br>☐ 17 Merit Personnel Act (OEA)<br>  (D.C. Code Title 1, Chapter 6)<br>☑ 18 Product Liability<br>☐ 24 Application to Confirm, Modify,<br>  Vacate Arbitration Award<br>  (D.C. Code § 16-4315) | ☐ 25 Liens: Tax/Water Consent Granted<br>☐ 26 Insurance/Subrogation<br>  Under \$25,000 Consent Denied<br>☐ 27 Insurance/Subrogation<br>  Over \$25,000<br>☐ 28 Motion to Confirm Arbitration<br>  Award (Collection Cases Only)<br>☐ 26 Merit Personnel Act (OHR)<br>☐ 30 Liens: Tax/Water Consent Denied |
| II.<br>  ☐ 03 Change of Name<br>  ☐ 06 Foreign Judgment<br>  ☐ 13 Correction of Birth Certificate<br>  ☐ 14 Correction of Marriage<br>     Certificate | ☐ 15 Libel of Information<br>☐ 19 Enter Administrative Order as<br>  Judgment [D.C. Code §<br>  2-1802.03(h) or 32-1519(a)]<br>☐ 20 Master Meter (D.C. Code §<br>  42-3301, et seq.) | ☐ 21 Petition for Subpoena<br>  [Rule 28-I (b)]<br>☐ 22 Release Mechanics Lien<br>☐ 23 Rule 27 (a)(1)<br>  (Perpetuate Testimony) |

_Kennedy Brown_
Attorney's Signature

**September 8, 2010**
Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

KAY PATTESON
Vs.                                                    C.A. No.        2010 CA 006768 B
ASTRAZENECA, LP

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  September 8, 2010
Initial Conference: 9:30 am, Friday, December 10, 2010
Location:  Courtroom A-49
          515 5th Street NW
          WASHINGTON, DC  20001                                      Caio.doc



## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

 **CT Corporation**

**Service of Process Transmittal**
10/08/2010
CT Log Number 517415287

**TO:**    Luke W. Mette
AstraZeneca Pharmaceuticals LP
1800 Concord Pike, FOP 3, Legal Department
Wilmington, DE 19897-2910

**RE:**    **Process Served in District of Columbia**

**FOR:**   AstraZeneca LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kay Patteson and Gay Patteson, Pltfs. vs. Astrazeneca, LP, etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint, Notice of Rule 30B6 Deposition Duces Tecum, Request for Production of Documents |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2010 CA 006768 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Seeking $25,000.00 - Physician prescribed Seroquel as a sleep aid to Plaintiff causing him to suffer from a condition known as Tradive Dyskinesia |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2010 at 12:58 |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth M. Trombly 1050 17th St., N.W. Suite 1250 Washington, DC 20036 202-887-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2010, Expected Purge Date: 10/13/2010 Image SOP Email Notification, Legal Team - Wilkes CTalerts.legal@astrazeneca.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Mark Diffenbaugh 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
10/08/2010
CT Log Number 517415352

**TO:**     Luke W. Mette
AstraZeneca Pharmaceuticals LP
1800 Concord Pike, FOP 3, Legal Department
Wilmington, DE 19897-2910

**RE:     Process Served in District of Columbia**

**FOR:**    AstraZeneca Pharmaceuticals LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kay Patteson and Gay Patteson, Pltfs. vs. Astrazeneca, LP, etc., et al. including Astrazeneca Pharmaceuticals, LP, etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint, Notice of Rule 30B6 Deposition Duces Tecum, Request for Production of Documents |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2010 CA 006768 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Seeking $25,000.00 - Physician prescribed Seroquel as a sleep aid to Plaintiff causing him to suffer from a condition known as Tradive Dyskinesia |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2010 at 12:58 |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth M. Trombly 1050 17th St., N.W. Suite 1250 Washington, DC 20036 202-887-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2010, Expected Purge Date: 10/13/2010 Image SOP Email Notification, Legal Team - Wilkes CTalerts.legal@astrazeneca.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Mark Diffenbaugh |
| **ADDRESS:** | 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
10/08/2010
CT Log Number 517415376

**TO:**    Luke W. Mette
AstraZeneca Pharmaceuticals LP
1800 Concord Pike, FOP 3, Legal Department
Wilmington, DE 19897-2910

**RE:**    **Process Served in District of Columbia**

**FOR:**   AstraZeneca AB (publ) (Domestic State: SE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kay Patteson and Gay Patteson, Pltfs. vs. Astrazeneca LP, etc., et al. including Astrazeneca AB, etc., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Amended Complaint, Notice of Rule 30B6 Deposition Duces Tecum, Request for Production of Documents |
| **COURT/AGENCY:** | Superior Court of the District of Columbia, DC Case # 2010 CA 006768 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Seeking $25,000.00 - Physician prescribed Seroquel as a sleep aid to Plaintiff causing him to suffer from a condition known as Tradive Dyskinesia |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/08/2010 at 12:58 |
| **APPEARANCE OR ANSWER DUE:** | Within twenty (20) days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Kenneth M. Trombly 1050 17th St., N.W. Suite 1250 Washington, DC 20036 202-887-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/08/2010, Expected Purge Date: 10/13/2010 Image SOP Email Notification, Legal Team - Wilkes CTalerts.legal@astrazeneca.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Mark Diffenbaugh 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **KAY PATTESON**<br>530 E. Deone Ln.<br>Tucson, AZ 85704 | )<br>)<br>)   **Ca No.: 2010 006768 B**<br>)   **Judge Brian Holeman** |

**KAY PATTESON**
530 E. Deone Ln.
Tucson, AZ 85704

*and*

**GARY PATTESON**
5003 38th Ave.
Hyattsville, MD 20782


*Plaintiffs,*


*v.*


**ASTRAZENECA, LP,** a Delaware Corporation,
587 Old Baltimore Pike
Newark, DE 19702

**ASTRAZENECA PHARMACEUTICALS, LP,** a
Delaware Corporation,
587 Old Baltimore Pike
Newark, DE 19702

**ASTRAZENECA AB,** a Swedish Corporation
Vastra Malarehamnen 9
Sodertalje
SE-151 85

*and,*

**JOHN MALONEY, M.D,**
2141 K Street, N.W.
Suite 304
Washington, D.C. 20037


*Defendants.*

**Ca No.: 2010 006768 B**
**Judge Brian Holeman**

1

## PLAINTIFFS FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS, LP, AND ASTRAZENECA AB

COME NOW the Plaintiffs, Kay Patteson and John Patteson by and through their undersigned counsel pursuant to Rule 34 of Civil Procedure of the Superior Court of the District of Columbia and request the aforementioned defendants produce legible and/or audible copies of the following documents and other tangible items at the offices of Kenneth M. Trombly, 1050 17th Street, N.W., Suite 1250, Washington, D.C. 20036, within thirty (30) days from the date of this request.

### GENERAL INSTRUCTIONS

(a)     "Document" means any written, recorded, or graphic matter however produced or reproduced including, without limitation, letters, telegraphs, memoranda, agreements, records, reports, notes, correspondence, diaries, photocopies, checks, checkbook registers, savings account passbooks, account books, charts, and all other papers and writing, including drafts, originals and copies, in your possession or control, or of which you have knowledge, wherever located.  It includes all matter that relates or refers in whole or part to the subjects referred to in a request. If a document has been prepared in separate copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification of a copy by the addition of notations, are no longer identical), each non-identical copy is a separate document.

(b)     "You" means the person to whom this request is being directed, his/her agents, employees, assigns, attorney, and all other persons acting on his/her behalf or on behalf of such

2

agents, employees, assigns, and attorney.

(c)     The documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the paragraphs in this production request.

(d)     If any documents requested herein have been lost, discarded or destroyed, each such document should be identified as completely as possible, by stating the following information: (1) the nature of the document, (2) the date of disposal, (3) the manner of disposal, (4) the person authorizing the disposal, and (5) the person disposing of the document.

(e)     With respect to any documents which you decline to produce because of a claim of privilege, you are requested to provide the following information as to each such document: (1) the date, author, and type of document, (2) the name of all persons to whom the document was sent, (3) a summary of the contents of the document, and (4) a detailed description of the grounds for the claim of privilege or reason for non-production.

(f)     All document requests phrased in either the disjunctive ("or") conjunctive ("and") or both should be answered in the manner that makes your answer inclusive rather than exclusive.

(g)     All words used in the singular should be understood to also mean their plural and all words used in the plural should be understood to also mean their singular so as to make your answer inclusive.

## DOCUMENT REQUESTS

1) All marketing and other materials used by you to promote the sale of Seroquel, for any purpose, to psychiatrists, other physicians, pediatric health care professionals, primary care health care professionals, long term care health care professionals and all other health care professionals;

2) All marketing and other materials used, or prepared, by you, or at your direction to promote the sale of Seroquel, for non-FDA approved uses, including but not limited to the treating of aggression, Alzheimer's, anger management, anxiety, Attention Deficit Disorder (ADD), Attention Deficit Hyperactivity Disorder (ADHD), bipolar maintenance, dementia, depression, mood disorder, Post Traumatic Stress Disorder (PTSD), sleeplessness, and/or insomnia;

3) All written materials concerning Seroquel provided by you or at your discretion to speakers at Continuing Medical Education programs sponsored by you;

4) All correspondence, in any and all forms (including but not limited to electronic communications), between:
   a. your agents and/or employees and
   b. speakers or potential/desired speakers at Continuing Medical Education programs sponsored by you and relating to non-FDA approved uses of Seroquel;

5) All documents relating to financial remuneration/compensation offered to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

6) All documents relating to financial remuneration/compensation actually paid to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

7) All documents, including correspondence, relating to medical doctors who was engaged to give promotional lectures or presentations for non-FDA approved uses of Seroquel;

8) A list of the medical doctors and other medical professionals of whom you are aware who have given promotional lectures endorsing non-FDA approved uses of Seroquel;

9) All studies prepared at your request regarding non-FDA approved uses of Seroquel;

10)   All studies prepared at your request regarding non-FDA approved uses of Seroquel as a sleep aid;

11)   A list of all studies described in the preceding paragraph, including the names of all persons or organizations that participated in each study and a list of the compensation paid, in any form, to each said person or organization;

12)   A list of any and all medical doctors who did not substantially participate in any given study, referenced in Request 11 but whose names appear in said study;

13)   A list of all medical literature companies of which you are aware that prepared studies regarding non-approved uses of Seroquel;

14)   All promotional messages distributed by you, in any form, that refer to studies of non-approved uses of Seroquel;

15)   All brochures, agendas, schedules and/or promotional pamphlets for promotional meetings held at resort locations or other locations for the purpose of promoting off label, non-FDA approved uses of Seroquel;

16)   A list of all conferences, meetings, workshops and other related events held by you at resort locations for the purpose of promoting off-label or non-FDA approved uses of Seroquel, including the dates and locations of each gathering; and;

17)   A list of doctors, all of whom you;

   (a)   recruited to conduct studies for non-FDA approved uses of Seroquel;

   (b)   recruited to serve as authors of one or more articles related to Seroquel;

   (c)   invited to travel to resort locations to advise AstraZeneca about marketing messages for non-FDA approved uses of Seroquel;

   (d)   recruited to give promotional lectures to other health care professionals about unapproved or unaccepted uses of Seroquel.

5

Respectfully submitted,


Kenneth M. Trombly, #199547
1050 17th Street, NW
Suite 1250
Washington DC 20036
kmt@schultztrombly.com
(202) 887-5000


John P. Leader
3567 East Sunrise Drive, Suite 133
Tucson, AZ 85718
john@leaderlawaz.com
(520) 575-9040

*Attorneys  for Plaintiffs*

\

6

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KAY PATTESON, et al                          )
                                             )
                                             )
                                             )    Case No. 0006768-10
                Plaintiffs,                  )    Judge Holeman
        v.                                   )
                                             )
ASTRAZENECA, LP, a Delaware Corporation,     )
                                             )
ASTRAZENECA PHARMACEUTICALS, LP, a           )
                                             )
ASTRAZENECA AB, a Swedish Corporation        )
                                             )
            and,                             )
                                             )
JOHN MALONEY, M.D,                           )
                                             )
                                             )
            Defendants                       )
                                             )

NOTICE OF RULE 30B6 DEPOSITION DUCES TECUM

To: Defendants ASTRAZENECA, LP, ASTRAZENECA PHARMACEUTICALS, LP And
ASTRAZENECA AB, a Swedish Corporation

NOTICE IS HEREBY GIVEN that Plaintiff, by and through undersigned counsel, pursuant to

Rules 26, 30 and 30(b)(6), Ariz.R.Civ.P., will take the deposition of the person or persons designated

to testify concerning the matters set forth below:

DEPONENT:        Designation by Defendant, AstraZeneca

DATE & TIME:     November 19, 2010 - 9:00 a.m.

LOCATION:        Schultz & Trombly, PLLC
                 1050 17th St., N.W., Ste. 1250
                 Washington DC 20036

SUBSTANCE OF TESTIMONY

1

The person most knowledgeable with respect to:

1)     Marketing and other materials which are used to promote the sale of Seroquel, for any purpose, to psychiatrists, other physicians, pediatric health care professionals, primary care health care professionals, long term care health care professionals and all other health care professionals;

2)     Marketing and other materials which are used to promote the sale of Seroquel, for non-FDA approved uses, including but not limited to the uses of treating aggression, Alzheimer's, anger management, anxiety, ADD, bipolar maintenance, dementia, depression, mood disorder, PTSD and sleeplessness;

3)     Written materials provided to speakers at Continuing Medical Education programs sponsored by AstraZeneca;

4)     Arrangement of AstraZeneca agents/employees and speakers or potential/desired speakers at Continuing Medical Education programs sponsored by AstraZeneca and relating to unapproved uses of Seroquel;

5)     Identification and explanation of all documents relating to financial remuneration/compensation offered to speakers or potential/desired speakers at Continuing Medical Education programs sponsored by AstraZeneca;

6)     Identification and explanation of all documents relating to financial remuneration/compensation actually paid to speakers or potential/desired speakers at Continuing Medical Education programs sponsored by AstraZeneca;

7)     Identification of all medical doctors who were engaged to give promotional lectures for unapproved uses of Seroquel;

8)     Identification of medical doctors and other medical professionals who gave promotional lectures endorsing unapproved uses of Seroquel;

9)     Any and all studies prepared at AstraZeneca's request regarding unapproved uses of Seroquel;

10)     Any and all studies described in the preceding paragraph, including the names of all persons or organizations that participated in each study and a list of the compensation paid, in any form, to each said persons or organizations;

11)     Identification of any and all medical doctors whose names were associated with

2

any given study but who did not substantially participate in said study;

12) The production of all medical literature companies that prepared studies regarding non-approved uses of Seroquel;

13) The production of all promotional messages distributed by AstraZeneca, in any form, that refer to studies of non-approved uses of Seroquel;

14) The production of brochures, agendas, schedules and/or promotional pamphlets for promotional meetings held at resort locations or other locations for the purpose of promoting off label, non-FDA approved uses of Seroquel;

15) Identification of all conferences, meetings, workshops and the like held by AstraZeneca at resort locations for the purpose of promoting off label or non FDA approved uses of Seroquel, including the dates and locations of each gathering; and

16) The doctors that AstraZeneca:

    (a) recruited to conduct studies for unapproved uses of Seroquel;

    (b) recruited to serve as authors of article related to Seroquel;

    (c) invited to travel to resort locations to advise AstraZeneca about marketing messages for unapproved uses of Seroquel;

    (d) recruited to give promotional lectures to other health care professionals about unapproved or unaccepted uses of Seroquel.

17) All marketing and other materials used by you to promote the sale of Seroquel, for any purpose, to psychiatrists, other physicians, pediatric health care professionals, primary care health care professionals, long term care health care professionals and all other health care professionals;

18) All marketing and other materials used, or prepared, by you, or at your direction to promote the sale of Seroquel, for non-FDA approved uses, including but not limited to the treating of aggression, Alzheimer's, anger management, anxiety, Attention Deficit Disorder (ADD), Attention Deficit Hyperactivity Disorder (ADHD), bipolar maintenance, dementia, depression, mood disorder, Post Traumatic Stress Disorder (PTSD), sleeplessness, and/or insomnia;

19) All written materials concerning Seroquel provided by you or at your discretion to speakers at Continuing Medical Education programs sponsored by you;

3

20) All correspondence, in any and all forms (including but not limited to electronic communications), between:
    a.  your agents and/or employees and
    b.  speakers or potential/desired speakers at Continuing Medical Education programs sponsored by you and relating to non-FDA approved uses of Seroquel;

21) All documents relating to financial remuneration/compensation offered to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

22) All documents relating to financial remuneration/compensation actually paid to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

23) All documents, including correspondence, relating to medical doctors who was engaged to give promotional lectures or presentations for non-FDA approved uses of Seroquel;

24) A list of the medical doctors and other medical professionals of whom you are aware who have given promotional lectures endorsing non-FDA approved uses of Seroquel;

25) All studies prepared at your request regarding non-FDA approved uses of Seroquel;

26) All studies prepared at your request regarding non-FDA approved uses of Seroquel as a sleep aid;

27) A list of all studies described in the preceding paragraph, including the names of all persons or organizations that participated in each study and a list of the compensation paid, in any form, to each said person or organization;

28) A list of any and all medical doctors who did not substantially participate in any given study, referenced in Request 11 but whose names appear in said study;

29) A list of all medical literature companies of which you are aware that prepared studies regarding non-approved uses of Seroquel;

30) All promotional messages distributed by you, in any form, that refer to studies of non-approved uses of Seroquel;

4

31)  All brochures, agendas, schedules and/or promotional pamphlets for promotional meetings held at resort locations or other locations for the purpose of promoting off label, non-FDA approved uses of Seroquel;

32)  A list of all conferences, meetings, workshops and other related events held by you at resort locations for the purpose of promoting off-label or non-FDA approved uses of Seroquel, including the dates and locations of each gathering; and;

33)  A list of doctors, all of whom you;

   (a)  recruited to conduct studies for non-FDA approved uses of Seroquel;

   (b)  recruited to serve as authors of one or more articles related to Seroquel;

   (c)  invited to travel to resort locations to advise AstraZeneca about marketing messages for non-FDA approved uses of Seroquel;

   (d)  recruited to give promotional lectures to other health care professionals about unapproved or unaccepted uses of Seroquel.


    The deponent(s) is/are also requested to bring copies of all documents in defendants' possession that reflect or include the information responsive to the topics noted above, including but not limited to the following documents;

   1  All marketing and other materials used by you to promote the sale of Seroquel, for any purpose, to psychiatrists, other physicians, pediatric health care professionals, primary care health care professionals, long term care health care professionals and all other health care professionals;

   2  All marketing and other materials used, or prepared, by you, or at your direction to promote the sale of Seroquel, for non-FDA approved uses, including but not limited to the treating of aggression, Alzheimer's, anger management, anxiety, Attention Deficit Disorder (ADD), Attention Deficit Hyperactivity Disorder (ADHD), bipolar maintenance, dementia, depression, mood disorder, Post Traumatic Stress Disorder (PTSD), sleeplessness, and/or insomnia;

   3  All written materials concerning Seroquel provided by you or at your discretion to speakers at Continuing Medical Education programs sponsored by you;

   4  All correspondence, in any and all forms (including but not limited to electronic communications), between:

      a.  your agents and/or employees and

      b.  speakers or potential/desired speakers at Continuing Medical Education programs sponsored by you and relating to non-FDA approved uses of Seroquel;

5   All documents relating to financial remuneration/compensation offered to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

6   All documents relating to financial remuneration/compensation actually paid to speakers or potential/desired speakers regarding any of the subject matter referenced in Request 2 above at Continuing Medical Education programs sponsored by you;

7   All documents, including correspondence, relating to medical doctors who was engaged to give promotional lectures or presentations for non-FDA approved uses of Seroquel;

8   A list of the medical doctors and other medical professionals of whom you are aware who have given promotional lectures endorsing non-FDA approved uses of Seroquel;

9   All studies prepared at your request regarding non-FDA approved uses of Seroquel;

10   All studies prepared at your request regarding non-FDA approved uses of Seroquel as a sleep aid;

11   A list of all studies described in the preceding paragraph, including the names of all persons or organizations that participated in each study and a list of the compensation paid, in any form, to each said person or organization;

12   A list of any and all medical doctors who did not substantially participate in any given study, referenced in Request 11 but whose names appear in said study;

13   A list of all medical literature companies of which you are aware that prepared studies regarding non-approved uses of Seroquel;

14   All promotional messages distributed by you, in any form, that refer to studies of non-approved uses of Seroquel;

15   All brochures, agendas, schedules and/or promotional pamphlets for promotional meetings held at resort locations or other locations for the purpose of promoting off label, non-FDA approved uses of Seroquel;

16   A list of all conferences, meetings, workshops and other related events held by you at resort locations for the purpose of promoting off-label or non-FDA approved uses of

Seroquel, including the dates and locations of each gathering; and;

17  A list of doctors, all of whom you;

    (a)    recruited to conduct studies for non-FDA approved uses of Seroquel;

    (b)    recruited to serve as authors of one or more articles related to Seroquel;

    (c)    invited to travel to resort locations to advise AstraZeneca about marketing messages for non-FDA approved uses of Seroquel;

    (d)    recruited to give promotional lectures to other health care professionals about unapproved or unaccepted uses of Seroquel.

Said deposition will be taken upon oral examination before a duly authorized court reporter qualified by law to administer oaths.

DATED this __8___ day of October, 2010.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, NW
Suite 1250
Washington DC 20036
kmt@schultztrombly.com
(202) 887-5000


John P. Leader
3567 East Sunrise Drive
Suite 133
Tucson, AZ 85718
john@leaderlawaz.com
(520) 575-9040

7