UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY PATTESON<br>and GARY PATTESON<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOHN R. MALONEY, M.D.,<br><br>　　　　Defendant. | Case: 1:10-CV-01760<br>Judge James E. Boasberg |

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT
JOHN R. MALONEY, M.D.'S MOTION IN LIMINE TO EXCLUDE
UNDISCLOSED OPINIONS OF PLAINTIFFS' EXPERT WITNESSES**

COMES NOW Defendant, John R. Maloney, M.D. ("Defendant"), by and through the undersigned counsel and pursuant to the rules of this Court, hereby files the instant Memorandum of Points and Authorities in Support of Defendant's Motion in Limine regarding exclusion of any undisclosed opinions of Plaintiffs' expert witnesses and specifically requests an order prohibiting comment by counsel or introduction of evidence regarding expert opinions not disclosed by the Plaintiffs. In support thereof, this Defendant states as follows:

### I.　　Background

This is a medical malpractice action in which the Plaintiff is alleging that the Defendant deviated from the standard of care in his prescription of the medication Seroquel. Plaintiff further alleges that this prescription of Seroquel caused or contributed to a movement disorder known as tardive dyskinesia.

The Court issued a Scheduling Order in this case and the Plaintiffs filed their Disclosure Statements, pursuant to Federal Rule of Civil Procedure 26(a)(1) and 26(a)(2), on or about January 28, 2011.  In addition, all the Plaintiffs' Rule 26(a)(2) expert witnesses were deposed.  This Defendant served his reports detailing the testimony of his experts on or about January 28, 2011. The Plaintiffs have chosen not to depose any of the Defendant's experts.

At this time, counsel for Plaintiffs should be precluded from commenting on any expert opinion that has not currently been disclosed via Rule 26 regarding disclosure or deposition testimony.  In addition, Plaintiffs' Rule 26(a)(2) witnesses should be precluded from testifying on any standard of care, causation or other expert opinion that has not previously been disclosed and attributed to that particular expert.  Such comment or testimony would substantially prejudice this Defendant because there was no opportunity to explore or challenge undisclosed opinions during discovery, therefore it should be excluded pursuant to Federal Rule of Evidence 403.

## II.   Conclusion

WHEREFORE, for the reasons set forth herein, Defendant, John R. Maloney, M.D., respectfully requests that this Honorable Court to grant this Motion in Limine and to enter an order excluding comment and any evidence presented by Plaintiffs' counsel of any undisclosed expert opinion.

Respectfully submitted,

/s/ Gregory S. McKee
Gregory S. McKee, Esquire (*of counsel*)
 (Bar #470474)
Andrew E. Vernick, Esquire (Bar #367716)
Vernick & Associates, LLC
104 West Street
Annapolis, Maryland 21401
443-333-4044
*Counsel for Defendant, John R. Maloney, M.D.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August, 2013, a copy of Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion in Limine To Exclude Undisclosed Opinions Of Plaintiffs' Expert Witnesses was e-filed, sent via e-mail and mailed, postage prepaid, to:

Kenneth M. Trombly, Esquire
Daniel Singer, Esquire
Schultz & Trombly, PLLC
1050 17th Street, N.W., Suite 1250
Washington, D.C. 20036
*Counsel for Plaintiffs*

John P. Leader, Esquire
THE LEADER LAW FIRM
698 E. Wetmore Rd.
Suite 330
Tucson, Arizona 85705-1752
*Counsel for Plaintiffs*

Timothy J. Aiken, Esq.
Aiken & Scoptur, SC
2600 North Mayfair Road
Suite 1030
Milwaukee, WI 53226-1308
*Counsel for Plaintiffs*

/s/ Gregory S. McKee
Gregory S. McKee, Esquire

3