# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KAY PATTESON, | ) | |
| | ) | Case No. 10-CV-01760-JEB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JOHN MALONEY, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT MALONEY FROM ARGUING OR SUGGESTING FORMER DEFENDANT ASTRAZENECA IS AT FAULT OR IN ANY WAY TO BLAME FOR PLAINTIFF'S INJURIES AND/OR FROM STATING THAT PLAINTIFF SUED ASTRAZENECA

Plaintiff Kay Patteson, by and through her undersigned counsel, hereby moves to preclude Defendant Maloney from arguing that former co-Defendant AstraZeneca, Inc. is at fault for Plaintiff's injuries, or from referencing the Plaintiff's previous claim against AstraZeneca. In support of this motion, Plaintiff relies on the attached memorandum of points and authorities.

Respectfully submitted,

/s/Kenneth M. Trombly
Kenneth M. Trombly, #199547
1050 17th Street, NW Ste. 1250
Washington DC 20036
Email: kmt@schultztrombly.com
Phone: (202) 887-5000


/s/John P. Leader
John P. Leader
698 East Wetmore Rd., Suite 330
Tucson, AZ 85705
Email: john@leaderlawaz.com
Phone: (520) 575-9040

1

Timothy Aiken
Timothy Aiken
Aiken & Scoptur, SC
2600 North Mayfair Road Ste. 1030
Milwaukee, WI 53226-1308.
tim@aikenandscoptur.com
(414) 326-4979
*Attorneys for Plaintiff*

Dated: August 15, 2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY PATTESON | ) |
| | ) Case No. 10-CV-01760-JEB |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JOHN MALONEY, M.D., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF THE PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT
MALONEY FROM ARGUING OR SUGGESTING FORMER DEFENDANT
ASTRAZENECA IS AT FAULT OR IN ANY WAY TO BLAME FOR
PLAINTIFF'S INJURIESAND/OR FROM STATING THAT PLAINTIFF SUED
ASTRAZENECA**

**I    INTRODUCTION**

Plaintiff originally brought this action against Defendant Maloney and three (3) corporate AstraZeneca affiliated Defendants (hereafter, "AstraZeneca"). One of Plaintiff's theories against AstraZeneca was that it falsely portrayed the safety and minimized the risks of Seroquel. After the completion of discovery, all Defendants moved for summary judgment. In seeking summary judgment, AstraZeneca argued that (1) under the "learned intermediary" doctrine, it had no duty to Ms. Patteson; and (2) the Plaintiff filed her Complaint after the applicable statute of limitations had expired. Defendant Maloney joined AstraZeneca's motion as to the statute of limitations argument. Importantly, Defendant Maloney neither filed a third-party complaint against AstraZeneca, nor did he respond to AstraZeneca's motion for summary judgment as to the "learned intermediary" issue.

By order dated July 9, 2012, this Court granted the AstraZeneca Defendants'

motion for summary judgment, and entered judgment in favor of the AstraZeneca Defendants because they had no duty to the Plaintiff under the "learned intermediary" doctrine. The Court also denied summary judgment as to both AstraZeneca and Dr. Maloney on the statute of limitations issues. *See Patteson v. AstraZeneca*, 876 F. Supp. 27, 39 (D.D.C. 2012). In granting summary judgment in favor of AstraZeneca, the Court's findings included the following:

1. All of Plaintiff's claims "hinge on the tort theory of failure to warn. *Id.* at 33.

2. AstraZeneca "informed Maloney of the risks associated with Seroquel by providing him with an FDA-approved product label, which contained clear, unambiguous language about the drug and, specifically, the risk of tardive dyskinesia." *Id.* at 34.

3. The record unequivocally demonstrates that AstraZeneca expressly and clearly warned Maloney about the risk of tardive dyskinesia – and that Maloney was in fact aware of this risk. AstraZeneca satisfied its duty to warn Patteson's physician. *Id.* at 35.

4. The learned intermediary doctrine applies, and AstraZeneca's warning to Maloney excuses [AstraZeneca] from a duty to warn Patteson. Summary judgment is thus warranted for [AstraZeneca]. *Id.* at 37.

In ruling on the above matters, the case was effectively narrowed into a medical negligence action against Dr. Maloney only. The crux of the case now set for trial is thus whether Dr. Maloney complied with the national standard of care in treating Ms. Patteson with Seroquel, and, if he did not so comply, whether Dr. Maloney's breach of the standard of care caused Ms. Patteson's injuries. Nonetheless, the Plaintiff now anticipates that Dr. Maloney may unfairly attempt to (1) attribute some or all of the blame for Ms. Patteson's injuries to AstraZeneca; and/or (2) refer to the Plaintiff's previous claim against AstraZeneca and unfairly lead the jury to believe that Plaintiff may or should be able to obtain a recovery against a separate defendant. Accordingly, we seek to preclude both of these arguments at trial because the issues of AstraZeneca's liability have been resolved, and any re-opening of such issues will only lead to jury confusion and unfair prejudice to Ms. Patteson.

4

## II. ARGUMENT

### A. Dr. Maloney should not be permitted to argue that AstraZeneca is in any way at fault for Ms. Patteson's injuries because the Court has already determined that AstraZeneca is not legally responsible and re-litigating the issue is barred under the law of the case doctrine.

Under the law of the case doctrine, once a Court decides upon an issue of law, that decision should continue to govern the same issues in subsequent stages of the case. *PNC Fin. Servs. Group v. Comm'r*, 503 F.3d 119, 126 (D.C. Cir. 2007); *Arizona v. California*, 460 U.S. 605, 618 (1983). Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. 18 Wright, Miller, Cooper, *Federal Practice and Procedure* § 4478 at 788 (1981). While the law of the case doctrine does not limit a federal court's power, it does direct the Court's exercise of discretion against the re-consideration of legal issues that have been decided at a previous stage of the same litigation. *Arizona v. California*, 460 U.S. at 619 (noting that a federal court should be "loathe" to revisit prior decisions of its own or of a coordinate court).

Here, because the Court has already ruled upon AstraZeneca's lack of liability, Defendant Maloney should not be allowed to argue that AstraZeneca is in any way responsible for Ms. Patteson's injuries. Under the law of the case doctrine, allowing Defendant Maloney to make the argument that AstraZeneca, as the drug manufacturer, is the responsible party would be impermissible because doing so would undermine the Court's previous summary judgment ruling and potentially subject the parties to inconsistent and unfair judicial findings. Accordingly, we respectfully request an order precluding Defendant Maloney from in any way arguing that AstraZeneca should be held responsible for Ms. Patteson's injuries.

> **B. References to AstraZeneca being at fault and/or the fact that Plaintiff filed a claim against AstraZeneca's should not be admissible because the prejudice of such arguments substantially outweighs their probative value.**

Fed. R. Evid. 403 provides that the Court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Here, because the Court has already resolved the issues related to AstraZeneca's potential fault by finding that it had no duty to the Plaintiff under the learned intermediary doctrine, any argument that it is partially to blame for Ms. Patteson's injuries would be unfairly prejudicial. Inasmuch as the Court has made a finding of no liability on the part of AstraZeneca, the probative value of any defense argument suggesting that AstraZeneca should be the proper party is nil. More importantly, any reference to AstraZeneca potentially being the responsible party could mislead the jury into believing that the Plaintiff could or should achieve a recovery from another defendant. The risk of unfair prejudice to the Plaintiff in allowing Defendant Maloney to allude to AstraZeneca's role in this case in any way thus substantially outweighs the non-existent probative value of this line of potential argument. We therefore respectfully request that the Court preclude any reference to AstraZeneca's role in this case, either as an entity partially to blame for Ms. Patteson's injuries, or in its capacity as a defendant at a previous stage of this litigation.

## III. CONCLUSION

Plaintiff respectfully requests that the Court grant the relief requested herein and preclude Defendant Maloney from (1) making any argument that AstraZeneca is in any way liable for Ms. Patteson's injuries; and/or (2) referencing Ms. Patteson's claim against

6

AstraZeneca.[1]

          Respectfully submitted,

          /s/Kenneth M. Trombly
          Kenneth M. Trombly, #199547
          1050 17th Street, NW Ste. 1250
          Washington DC 20036
          Email: kmt@schultztrombly.com
          Phone: (202) 887-5000


          /s/John P. Leader
          John P. Leader
          698 East Wetmore Rd., Suite 330
          Tucson, AZ 85705
          Email: john@leaderlawaz.com
          Phone: (520) 575-9040


          Timothy Aiken
          Timothy Aiken
          Aiken & Scoptur, SC
          2600 North Mayfair Road Ste. 1030
          Milwaukee, WI 53226-1308.
          tim@aikenandscoptur.com
          (414) 326-4979
          *Attorneys for Plaintiff*

---

[1] To further avoid potential confusion, we request that the Clerk of the Court, when calling the case or posting the day's cases on the courtroom door, refrain from referencing the AstraZeneca Defendants

## Certificate of Service

I hereby certify that on August 15, 2013, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing to the following CM/ECF registrants:

Gregory S. McKee, Esq. (of counsel)
Andrew E. Vernick, Esq.
Vernick & Associates, LLC
104 West Street
Annapolis, Maryland 21404
*Counsel for Defendant Maloney*

                                              /s/Kenneth M. Trombly
                                              Kenneth M. Trombly

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAY PATTESON ) | |
| ) | Case No. 10-CV-01760-JEB |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| JOHN R. MALONEY, MD ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Plaintiff having filed a motion to preclude Defendant Maloney from arguing that AstraZeneca is in any way responsible for Ms. Patteson's injuries and/or from referencing Ms. Patteson's claim against AstraZeneca, and it appearing that there is good cause for the granting of said motion, it is this ____ day of _____, 2013,

ORDERED, that the motion be and is hereby GRANTED; and it is further

ORDERED, that Defendant Maloney, through counsel or otherwise, may not make any argument at the trial of this case that AstraZeneca is in any way responsible for Ms. Patteson's injuries; and it is further

ORDERED, that Defendant Maloney, through his counsel or otherwise, may not make any reference to Ms. Patteson previously making a civil claim against any of the AstraZeneca Defendants.

 

                                                                    _____
                                                                    JUDGE JAMES E. BOASBERG
                                                                    UNITED STATES DISTRICT COURT
                                                                   FOR THE DISTRICT OF COLUMBIA

Copies to:
Kenneth M. Trombly
1050 17th Street, NW
Suite 1250
Washington, DC 20036
kmt@schultztrombly.com
(202) 887-5000
*Attorney for Plaintiff*

Timothy Aiken
Aiken & Scoptur, SC
2600 North Mayfair Road
Milwaukee, WI 53226-1308
tim@aikenandscoptur.com
(414) 326-4979
*Attorney for Plaintiff*

John P. Leader
3567 East Sunrise Drive
Suite 133
Tucson, AZ 85718
john@leaderlawaz.com
 (520) 575-9040
*Attorney for Plaintiff*

Gregory S. McKee, Esq. (of counsel)
Andrew E. Vernick, Esq.
Vernick & Associates, LLC
104 West Street
Annapolis, Maryland  21404
*Attorneys for Defendant Maloney*