**Neil Blumberg, M.D., P.A.**
Distinguished Fellow, American Psychiatric Association
Diplomate, American Board of Psychiatry and Neurology
Diplomate, American Board of Forensic Psychiatry

Suite 206 – Padonia Centre
30 East Padonia Road
Timonium, Maryland 21093

Telephone: 410-561-1156
Fax: 410-683-0332
email: neilblumbergmd@aol.com

February 28, 2011

Timothy J. Aiken, Esquire
Aiken & Scoptur, S.C.
2600 North Mayfair Road
Suite 1030
Milwaukee, WI 53226-1308

Re: Kay Patteson v. John Maloney, M.D.
Case No. 2010 CA 6768B

Dear Mr. Aiken:

Pursuant to your request, I have completed my review of records pertaining to the care and treatment of Kay Patteson by John Maloney, M.D. and other health care providers. You have asked me to render an opinion to a reasonable degree of medical probability whether Doctor Maloney's care and treatment of Ms. Patteson deviated from the standard of care.

I have been informed of the standard of care for this case, and for my report and testimony. I have also been informed of the applicable standards for informed consent and causation.

In order to address the above issue I reviewed the following materials:

1. Records of John Maloney, M.D.;
2. Records from Georgetown University Hospital;
3. Records from Potomac Hospital;
4. Records of Michael Cohen, M.D.;
5. Records of Amy Friedenthal, M.D.;
6. Records of Donald Sargent, M.D.;
7. Records of Doctor Lo, Movement Disorders Clinic, Georgetown University Hospital;
8. Records of Jeff Jacobson, M.D.;
9. Records of Louis Levitt, M.D.;
10. Records of Sudeshna Bose, M.D.;
11. Records from CVS Pharmacy; and,
12. Records from Safeway Pharmacy.

## I. A COMPLETE STATEMENT OF ALL OPINIONS AND BASES AND REASONS FOR THEM:

1. It is my opinion that: When Doctor Maloney prescribed Seroquel for the patient on June 22, 2006, he fell below the applicable standard of care because Seroquel should never have

Page 2
February 28, 2011

To: Timothy J. Aiken, Esquire
Aiken & Scoptur, S.C.
Re: Kay Patteson v. John Maloney, M.D.
Case No. 2010 CA 6768B

been used to treat sleep disturbances in a patient who was merely depressed—and was not suffering from Bipolar Disorder, Schizophrenia or another psychotic disorder. Although in a certain class of patients, some doctors may prescribe this drug, Seroquel, it should not be employed as a sleep management tool in a patient who does not otherwise need the drug to treat her mental health condition.

2. It is my opinion that: A psychiatrist following the applicable standard of care for a patient similar to Ms. Patteson would not prescribe Seroquel for insomnia or sleeplessness, and that Doctor Maloney prescribing it to her fell below the applicable standard of care.

3. It is my opinion that: The drug, Seroquel, is not, and has never been, authorized by the FDA to be employed as a sleep disorder medication. Nor has it ever been appropriate as an off-label use for this purpose unless the patient is also suffering from Bipolar Disorder, Schizophrenia or another psychotic disorder. Before it is prescribed for sleep disorders, the patient must be told of the serious risks of the drug and the limited benefits for her. I do not believe that a well-informed patient presenting with Ms. Patteson's symptoms would accept the use of this drug in this situation, given its serious risks and its relative benefits. Especially in light of the fact that there are numerous less dangerous drugs with equal or greater benefit that should be first used in sleep disorder patients, this use of the medication falls below the applicable standard of care.

4. It is my opinion that: Doctor Maloney should have advised the patient to watch for the development of symptoms, especially those consistent with early onset Tardive Dyskinesia (TD). The type of symptoms the patient should have been advised of include common side effects such as dry mouth, fatigue, constipation, sore throat, weight gain and nasal congestion. The patient should have also been informed of the less frequent but more serious side effects including liver problems, elevated blood glucose, Neuroleptic Malignant Syndrome and Tardive Dyskinesia.

5. It is my opinion that: In fact, when a more appropriate drug was prescribed to the patient on August 3, 2007, it worked as expected and is an example of a drug that should have been first recommended to the patient and used by her. Besides those used, there are other equally appropriate and effective drugs with much less serious and dangerous side effects than Seroquel that should have been recommended and used by Ms. Patteson.

6. It is my opinion that: Doctor Maloney also violated the standard of care during his early treatment of the patient in that he did an inadequate investigation as to why she was having a sleep disorder in the first place. If Doctor Maloney had appropriately investigated her sleep disorder issues, he would have probably discovered that the underlying foundation of her problem was that she suffered from sleep apnea, which is a well-recognized cause of sleep dysfunction/disorders. If Doctor Maloney had so investigated, as was done in August, 2007, he would have discovered the underlying cause of her sleep dysfunction/disorder and would have known that a drug with the well-recognized risks of Seroquel was surely not an appropriate drug to employ or recommend in this situation.

To: Timothy J. Aiken, Esquire
Aiken & Scoptur, S.C.
Re: Kay Patteson v. John Maloney, M.D.
Case No. 2010 CA 6768B

7. It is my opinion that: The risks of Seroquel, as stated, are serious and well-known. These risks include TD and other serious harms. The risk of developing TD was well-known to the medical community in 2006. The risks of Seroquel are the same as other drugs in its class. These drugs should not be employed as sleep disorder medications if there is not an independent need for their use. There was no independent need here with this patient.

8. It is my opinion that: Had Seroquel not been recommended and/or employed with Ms. Patteson, she would never have developed TD.

9. It is my opinion that: If a physician is going to recommend Seroquel, and the patient accepts its use after being appropriately informed, then the doctor is under a duty under the standard of care to watch for the development of side effects, especially serious side effects such as the early signs of TD that can cause a permanent and irreversible movement disorder

10. It is my opinion that: When the Ms. Patteson presented to Doctor Maloney on April 13, 2007, she was limping. Doctor Maloney did not record any known or suspected cause of this new symptom. It was incumbent under the standard of care for Doctor Maloney to investigate the cause. One potential cause was early onset TD caused by Seroquel and, to a reasonable degree of medical probability, it is my opinion that this was the cause in this instance. At the very least, Doctor Maloney should have immediately begun tapering the drug. He also should have had a new informed consent discussion with Ms. Patteson wherein he advised her of the new risks and advised her to watch for the further development of symptoms. He should have recommended that she immediately taper the use of the drug with an eye towards totally ceasing its use in the very near future. To a reasonable degree of medical probability, if this had been done, Ms. Patteson's risk for developing TD would have been significantly reduced.

11. It is my opinion that: Also, on this April 13, 2007 visit, Doctor Maloney should have investigated and/or referred Ms. Patteson for an investigation as to what precisely was causing her to develop the new symptom of limping. To a reasonable degree of medical probability, the cause in this instance was Seroquel toxicity, and it is probable that such an investigation/referral would have led the medical providers to conclude that Seroquel should have been tapered with an eye toward its total cessation. Had this been done, Ms. Patteson's risk for developing TD would have been significantly reduced.

12. It is my opinion that: Doctor Maloney should have seen Ms. Patteson soon after the April 13, 2007 visit in order to monitor her new symptoms and the possible development of TD or other serious side effects of Seroquel. It was a violation of the standard of care to fail to do so. If Doctor Maloney had done so, and if he had reduced and discontinued Seroquel, Ms. Patteson's risk for developing TD would have been significantly reduced.

Page 4
February 28, 2011

To: Timothy J. Aiken, Esquire
Aiken & Scoptur, S.C.
Re: Kay Patteson v. John Maloney, M.D.
Case No. 2010 CA 6768B

13. It is my opinion that: When Ms. Patteson presented to Doctor Maloney on June 5, 2007, she was having difficulty walking. Doctor Maloney did not record any known or suspected cause of this new symptom. It was incumbent under the standard of care for Doctor Maloney to investigate the cause. One potential cause was early onset TD caused by Seroquel and, to a reasonable degree of medical probability, it is my opinion that this was the cause in this instance. At the very least, Doctor Maloney should have immediately begun tapering the drug. He also should have had a new informed consent discussion with Ms. Patteson wherein he advised her of the new risks and advised her to watch for the further development of symptoms. He should have recommended that she immediately taper and discontinue the use of the drug. If Doctor Maloney had done so, her risk for developing significant consequences from her Seroquel administration would have been reduced. That is, the symptoms she might have been reversible with prompt tapering and cessation.

14. It is my opinion that: Also, on this June 5, 2007 visit, Doctor Maloney should have investigated and/or referred Ms. Patteson for an investigation as to what precisely was causing her to develop the new symptom of limping. I believe the cause in this instance was Seroquel toxicity. I believe such an investigation/referral would have led the medical providers to conclude that Seroquel should have been tapered with an eye towards its total cessation. If Doctor Maloney had done so, to a reasonable degree of medical probability, Ms. Patteson's risk for developing significant consequences from her Seroquel administration would have been reduced. That is, the symptoms she had might have been reversible with prompt tapering and cessation.

15. It is my opinion that: Doctor Maloney should have seen Ms. Patteson soon after the June 5, 2007 visit in order to monitor her new symptoms and the possible development of TD or other serious side effects of Seroquel. It was a violation of the standard of care to fail to do so. If Doctor Maloney had done so, to a reasonable degree of medical probability, it is my opinion that her risk for developing significant consequences from her Seroquel administration would have been reduced. That is, the symptoms she had might have been reversible with prompt tapering and cessation.

16. It is my opinion that: Doctor Maloney should have tapered Seroquel towards complete cessation of the drug well before August 3, 2007. It was a violation of the standard of care to fail to do so. If Doctor Maloney had done so, it is most probable that Ms. Patteson's risk for developing significant consequences from her Seroquel administration would have been reduced. That is, the symptoms she had might have been reversible with prompt tapering and cessation.

17. It is my opinion that: Seroquel toxicity was the cause and a substantial factor in the development of her TD and her symptoms from April through the present, and that this is a permanent condition.

18. I hold all of the above opinions to a reasonable degree of medical probability.

Page 5
February 28, 2011

To: Timothy J. Aiken, Esquire
Aiken & Scoptur, S.C.
Re: Kay Patteson v. John Maloney, M.D.
Case No. 2010 CA 6768B

## II. QUALIFICATIONS AND PUBLICATIONS:

Please refer to the enclosed Curriculum Vitae.

## III. DEPOSITIONS OF TRIALS I HAVE TESTIFIED IN, IN THE LAST 4 YEARS:

Please refer to the enclosed case lists.

## IV. COMPENSATION TO BE PAID:

$500.00 per hour for any time spent on this matter.

Respectfully submitted,

*Neil Blumberg, MD*

Neil Blumberg, M.D., D.F.A.P.A.

NB:esp

Enclosures: Curriculum Vitae
Case List – 2007-2010

## 2010 - Civil Cases

| CASE | JURISDICTION | RETAINED BY | ATTORNEY | TESTIMONY |
|---|---|---|---|---|
| Inge v. Starynski | West Virginia | Defense | Frederick Goundry | Deposition |
| Cohen v. D.C. | Superior Court, District of Columbia | Defense | Robert Hesselbacher | Deposition |
| Burress v. Winters | Federal Court-Baltimore, Maryland | Defense | Frederick Goundry | Court |
| Greissman v. Nordstrom | Montgomery County, Maryland | Plaintiff | Paul Bekman | Deposition |
| Fox v. Northwest Hospital Center | Baltimore County, Maryland | Defense | Dena Terra | Deposition |
| Nance v. Sinai Hospital | Baltimore City, Maryland | Defense | John Penhallegon | Deposition |
| Lionel Carter v. HeloAir | Fairfax County, Virginia | Defense | Morgan Campbell | Deposition |
| Curtis v. Kandel | Baltimore City, Maryland | Plaintiff | David Whitworth | Deposition |

## 2010 - Criminal Cases

| | | | | |
|---|---|---|---|---|
| State v. Freddie Edwards | Baltimore City | Defense | Flynn Owens | Court |
| Commonwealth v. Jose Busanet | Berks County, Pennsylvania | Defense | Stuart Lev | Court |
| Commonwealth v. Steven Wolfgang | Northumberland County, Pennsylvania | Prosecution | Anthony Rosini | Court |
| State v. Yohannes Surafel | Prince George's County, Maryland | Defense | Richard Finci | Court |
| Commonwealth v. Leroy Kanagy | Mifflin County, Pennsylvania | Court | Judge Rick Williams | Court |
| Commonwealth v. Wilfredo Ramos | Philadelphia County, Pennsylvania | Defense | Billy Martin | Court |
| State v. Steven Wright | Cumberland County, New Jersey | Defense | Louis Shapiro | Court |
| Commonwealth v. Luke Meketa | Franklin County, Pennsylvania | Defense | Geoffrey McInroy | Court |
| State v. Terris Luckett | Prince George's County, Maryland | Defense | Harry Trainor | Court |
| Commonwealth v. Michael Harrell | Northumberland County, Pennsylvania | Prosecution | Anthony Rosini | Court |
| State v. Anthony Soligny | Carroll County, Maryland | Defense | Edward Ulsch | Court |
| Commonwealth v. William Brown | Indiana County, Pennsylvania | Prosecution | Michael Handler | Court |

## 2009 - Civil Cases

| CASE | JURISDICTION | RETAINED BY | ATTORNEY | TESTIMONY |
|---|---|---|---|---|
| Joseph Robinson v. Montgomery County | Federal - Maryland | Defense | Patricia Kane | Deposition |
| In Re Keith Smith | District of Columbia | District of Columbia Bar Counsel | Joseph Bowman | Administrative Hearing |
| Charita Beverly-Lewis v. Psychiatric Institute of Washington | District of Columbia | Plaintiff | Patrick Regan | Deposition |
| In Re Charles Hunt | Baltimore County Circuit Court | Court Expert | The Honorable Kathleen Cox | Court |
| Masters v. Hendler | Baltimore County Circuit Court | Plaintiff | Dale Adkins | Deposition |

## 2009 - Criminal Cases

| Erika Sifrit v. State of Maryland | Frederick County, Maryland | Defense | Robert Biddle | Court |
|---|---|---|---|---|
| Commonwealth v. Corey Stine | York County, Pennsylvania | Defense | Barbara Krier | Court |
| Commonwealth v. Carolyn King | Lebanon County, Pennsylvania | Defense | Thomas Schmidt | Court |
| U.S. v. Christopher Blauvelt | Federal – Baltimore | Defense | Jason Silverstein | Court |
| Commonwealth v. Tedor Davido | Lancaster, Pennsylvania | Defense | James Morano | Court |
| United States v. Eugene Petasky | Federal - Baltimore | Court Expert | The Honorable William D. Quarles | Court |
| Commonwealth v. Michael Bardo | Luzerne County, Pennsylvania | Defense | James Moreno | Court |
| State v. Brittany Barkley | Wicomico County, Maryland | Defense | Michael Richardson | Court |

## 2008 - Civil Cases

| CASE | JURISDICTION | RETAINED BY | ATTORNEY | TESTIMONY |
|---|---|---|---|---|
| In Re Wayne Rohde | District of Columbia | District of Columbia Bar Counsel | Joseph Bowman | Administrative Hearing |
| Elia Watkins v. State of Maryland | Baltimore County | Plaintiff | I. William Chase | Court |
| AHCA v. Gregory Lamb | Superior Court - District of Columbia | Plaintiff | Steven Kiersh | Deposition |
| Lelia Spindler v. James Miller and State of Maryland | Baltimore City | Plaintiff | David Hoskins | Deposition |
| Lelia Spindler v. James Miller and State of Maryland | Baltimore City | Plaintiff | David Hoskins | Court |
| In Re Andrew Kline | District of Columbia | District of Columbia Bar Counsel | Clay Smith | Administrative Hearing |
| Ronald Riley v. Delaware River Bridge Authority | Federal - Delaware | Defense | Adria B. Martinelli | Court |
| | | | | |
| | | | | |

## 2008 - Criminal Cases

| State v. Peter Urbanowicz | Queen Anne's County, Maryland | Defense | Harris Murphy | Court |
|---|---|---|---|---|
| State v. Jasen Weigman | Carroll County, Maryland | Defense | Judson Larrimore | Court |
| State v. Kevin Johns | Harford County, Maryland | Defense | Harry Trainor & Carol McCabe | Court |
| State v. Nicholas Browning | Baltimore County, Maryland | Defense | Joshua Treem & William Brennan | Court |
| Commonwealth v. David Chmiel | Lackawanna County, Pennsylvania | Defense | James Moreno | Court |
| State v. Clyde Chew | Calvert County, Maryland | Defense | Leslie Peek | Court |
| John Fishback v. State | Baltimore City, Maryland | Defense | Daniel Ginsburg | Court |
| U.S. v. Christopher Blauvelt | Federal - Baltimore | Defense | Roland Walker | Court |
| State v. Michael Adams | Montgomery County, Maryland | Defense | Robert Bonsib | Court |
| | | | | |

# Neil Blumberg, M.D., P.A.

## 2007 - Civil Cases

| CASE | JURISDICTION | RETAINED BY | TESTIMONY |
|---|---|---|---|
| Betty Gene Ali v. Mid-Atlantic Settlement Services | Federal - District of Columbia | Defense | Deposition |
| Sean Ryan v. State of Maryland | Montgomery County, Maryland | Plaintiff | Court |
| Augusto Zambrana v. D&G Brice Contractors | Prince George's County, Maryland | Defense | Court |
| Snyder v. Phelps and Westboro Baptist Church | Federal – Baltimore | Defense | Court |
| In Re Theodore Silva | District of Columbia | District of Columbia Bar Counsel | Administrative Hearing |
| | | | |
| | | | |

## 2007 - Criminal Cases

| Commonwealth v. Mark Spotz | Pennsylvania | Defense | Court |
|---|---|---|---|
| Commonwealth v. Brentt Sherwood | Pennsylvania | Prosecution | Court |
| State v. James Logan | Prince George's County, Maryland | Defense | Court |
| State v. Omar Hunte | Montgomery County, Maryland | Defense | Court |
| Commonwealth v. Noel Gomez | Pennsylvania | Defense | Court |
| State v. Peter Urbanowicz | Queen Anne's County, Maryland | Defense | Court |
| Commonwealth v. Mark Spotz | Pennsylvania | Defense | Court |
| State v. Joshua McGuire | Harford County, Maryland | Defense | Court |
| Commonwealth v. Meghan Lippiatt | Pennsylvania | Defense | Court |
| Commonwealth v. Richard Curran | Pennsylvania | Prosecution | Court |